The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard B. Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 21 Settlement Agreement approved March 1993 appears in the Commission file.
2. On February 6, 1993, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date the employer-employee relationship existed between the parties.
4. As of said date, the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
5. That the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on February 6, 1993.
6. On said date the plaintiff was earning an average weekly wage of $480.60.
7. The plaintiff was employed by the defendant on June 1, 1992 and was terminated on August 31, 1993, August 27, 1993 being the last day worked for the defendant.
8. The plaintiff was paid compensation from February 6, 1993 to July 6, 1993 and is making no claim for compensation prior to said date of July 6, 1993.
9. The plaintiff has received medical treatment as follows:
a. Dr. Nathan Burkhardt, 2-16-93 to 7-2-93.
b. Emergency Room, 2-6-93.
c. Dr. Larry Crowell, 4-13-93, one time visit.
d. Dr. James Hoski, 5-11-93 and 7-8-93.
e. Dr. Roger James, 4-5-93 through 8-20-93.
 f. Dr. William Richardson at Duke 11-29-93 and letter 01-10-94.
 g. Dr. Fredrick Finger, IME 07-26-94 and letter on 9-6-94.
h. Asheville Rehab., 6-1-93 and 7-6-93.
10. That the issues to be determined in this case are:
 a. Are the injuries of which the plaintiff complains caused by the accident occurring on February 6, 1993; and,
 b. If so, has the plaintiff reached maximum medical improvement; and,
 c. If so, to what further compensation and medical expense, if any, is the plaintiff entitled under the Act.
11. The parties further stipulate into evidence a Pre-Trial Agreement of stipulated material and a packet of medical records.
At the hearing on October 12, 1994, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of a work schedule list beginning July 7, 1993.
2. Plaintiff's Exhibit 2, marked P2, consisting of a group of letters written to Mary Silvers.
3. Defendant's Exhibit 1, marked D1, consisting of an incident report dated February 6, 1993.
4. Defendant's Exhibit 2a, marked D2a, consisting of a video tape of 1993 to be retained by the defendant and copy provided to the plaintiff.
5. Defendant's Exhibit 2b, marked D2b, consisting of a video tape of 1994 to be retained by the defendant and copy provided to the plaintiff.
Subsequent to the hearing on October 12, 1994, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of William J. Richardson, M.D. dated December 14, 1994.
2. Deposition of Nathan L. Burkhardt, M.D. dated January 23, 1995.
3. Deposition of James J. Hoski, M.D. dated December 21, 1994.
4. Deposition of Carol Renee Counts-Kuzma, Ph.D. dated November 15, 1994.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On February 6, 1993, the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant when she slipped on an ice cube in a kitchen area of the defendant's premises, caught herself with her left hand to prevent falling to the floor and thereafter began to suffer with pain in her upper back, upper thoracic area and upper extremities for which incident the plaintiff has been paid by the defendant compensation through July 6, 1993.
2. Subsequent to said date of February 6, 1993, the plaintiff was provided by the defendant with medical care and treatment including diagnostic testing of MRI and bone scan April 23, 1993, December 27, 1993 and March 11, 1993 respectively among others and work hardening therapy from June 1, 1993 to July 6, 1993.
3. On July 6, 1993, the plaintiff was medically released to return to her regular duties as a registered nurse but was allowed by the defendant to work reduced hours and less strenuous duties because of her pain until August 31, 1993 when she was terminated by the defendant because she was unable to perform her regular duties as a registered nurse.
4. The pain and discomfort which the plaintiff experienced February 6, 1993 when she prevented her fall with her left hand has persisted since said date in spite of the medical examinations and treatment thus far provided to the plaintiff by the defendant, and it has been medically opined as follows, which the undersigned finds as facts:
 a. That the plaintiff sustained a contusion and strain of the dorsal spine on February 6, 1993.
 b. That the pain which the plaintiff is experiencing is not inconsistent with the incident of February 6, 1993 and the diagnosis of contusion and strain of the dorsal spine.
 c. That it is not medically determined that the plaintiff's pain is caused by the hemangioma in the T7 area of her spine.
 d. That it is not medically determined that the pain which the plaintiff is experiencing is caused by the disk rupture at C5-6 of her cervical spine.
 e. That psychiatric medical treatment and examination would benefit the plaintiff in coping with the pain she is suffering.
 f. That a pain management as opposed to a work hardening therapeutic program would benefit the plaintiff in coping with the pain she is suffering.
5. The chronic pain the plaintiff has experienced since February 6, 1993 is due to and caused by the incident which occurred on that date.
6. The plaintiff has experienced a partial loss in her earning capacity from July 6, 1993 to August 31, 1993 when she was terminated by the defendant from her employment as a registered nurse.
7. The plaintiff has had a total loss of time from employment since August 31, 1993 when the defendant terminated said employment and failed to continue to provide light or restrictive work for the plaintiff.
8. The plaintiff was earning an average weekly wage of $480.60 on February 6, 1993.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 6, 1993, the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant.
2. In view of the fact that the plaintiff sustained a compensable injury on February 6, 1993, thereafter suffered pain and that said pain was consistent with the injury sustained, the undersigned is of the opinion and concludes as a matter of law that the plaintiff has carried her burden of proof in establishing that the pain she suffers results from and is caused by the incident occurring on February 6, 1993.
3. The plaintiff is entitled to temporary partial disability compensation benefits from July 6, 1993 to August 31, 1993 based on an average weekly wage of $480.60 to be determined under the provisions of Section 97-30 of the Act.
4. The plaintiff is entitled to temporary total disability compensation benefits from August 31, 1993 at the rate of $320.40 per week until such time as she may reach maximum medical improvement, becomes gainfully employed or it is otherwise Ordered by the Commission.
5. Plaintiff is entitled to psychiatric medical evaluation and care and pain management therapy as a part of the medical care and treatment.
6. Considering all the evidence, in particular that which is material, the undersigned is of the opinion and concludes as a matter of law that the facts found in this Opinion and Award and the conclusions herein made are credible in the sense that they are believable, plausible and probable.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendant shall pay to the plaintiff in one lump sum temporary partial disability compensation benefits from July 6, 1993 to August 31, 1993 based on an average weekly wage of $480.60 as provided under Section 97-30 of the Act, less the attorney fee hereinafter provided.
2. The defendant shall pay to the plaintiff temporary total disability compensation benefits from August 31, 1993 at the rate of $320.40 per week until such time as she may reach maximum medical improvement, becomes gainfully employed or it is otherwise Ordered by the Commission, less the attorney fee hereinafter provided.
3. The defendants shall pay all medical expense, including psychiatric medical examination and care and pain management therapy, resulting from said injury when the same have been approved as by law provided until otherwise Ordered by the Commission.
4. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to Thomas F. Ramer for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney in one lump sum with respect to accrued sums and by every fourth compensation check thereafter.
5. The defendant shall pay the costs.
6. It is further Ordered as a condition precedent to the payment of compensation above-provided that the plaintiff attend and avail herself of the psychiatric medical examination and care and pain management therapy which shall be made available to her under the provisions of this Opinion and Award.
FOR THE FULL COMMISSION
 S/ _______________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 7/11/96